**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

JAMES T. DICKSON,
ADC # 128747                                                                                    PLAINTIFF

V.                                    5:14CV00409 JLH/JTR

CHUCK GLADDEN, Chaplain,
Delta Regional Unit, ADC, et al.                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District

Judge J. Leon Holmes.  Any party may serve and file written objections to this

recommendation.  Objections should be specific and should include the factual or

legal basis for the objection.  If the objection is to a factual finding, specifically

identify that finding and the evidence that supports your objection.  An original and

one copy of your objections must be received in the office of the United States District

Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file

timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the

United States District Judge, you must, at the same time that you file your written

objections, include a "Statement of Necessity" that sets forth the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence to be proffered at the requested hearing
      before the United States District Judge was not offered at
      the hearing before the Magistrate Judge.

3.    An offer of proof setting forth the details of any testimony
      or other evidence (including copies of any documents)
      desired to be introduced at the requested hearing before the
      United States District Judge.

From this submission, the United States District Judge will determine the necessity

for an additional evidentiary hearing, either before the Magistrate Judge or before the

District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I.  Introduction

Plaintiff, James T. Dickson, is an inmate of the Delta Regional Unit of the

Arkansas Department of Correction ("ADC").  He has filed this *pro se* § 1983 action

alleging that four Defendants violated his constitutional rights.  *Doc. 2.*  After review

of Plaintiff's Complaint, the Court finds that he has failed to state a claim upon which

relief can be granted as to any named Defendant. Thus, pursuant to the screening function mandated by 28 U.S.C. § 1915A, the Court recommends that Plaintiff's claims against Defendants Chuck Gladden, James Gibson, Marvin Evans, and James Banks be dismissed, without prejudice.[1]

## II.  Discussion

In his Complaint, Plaintiff alleges that all of the named Defendants have interfered with the exercise of his Catholic faith. *Doc. 2*.[2]  Specifically, Plaintiff contends that the Defendants have failed to provide him with various devotional accessories, including a Catholic Bible, a Rosary, and a Catholic Dictionary. *Id. at 3*. Plaintiff also alleges that Defendants have failed to provide him with weekly Catholic Mass. *Id.*

Importantly, Plaintiff does *not* allege that any of the Defendants have prevented him from obtaining or possessing any of the requested religious items. Rather, his

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that:  (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  When making this determination, the Court must accept the truth of the factual allegations contained in the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire,* 636 F.3d 976, 979 (8th Cir. 2011).

[2] Plaintiff does not specify whether he is bringing his claims under the First Amendment, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), or both. Accordingly, the Court has analyzed Plaintiff's claims under both the First Amendment and RLUIPA.

allegations center on Defendants' alleged failure to procure these religious items for him.

Neither the First Amendment nor RLUIPA requires prison officials or employees to provide inmates with religious materials. *See Borzych v. Frank*, 439 F.3d 388, 390 (7th Cir. 2006) (holding that a prison's ban of alleged Odinist texts was the least restrictive means to promote safety because the books advocated violence – "The first amendment, by contrast [to the RLUIPA], does not require the accommodation of religious practice: states may enforce neutral rules."); *Cutter v. Wilkinson*, 544 U.S. 709, 720 n.8 (2005) ("Directed at obstructions institutional arrangements place on religious observances, RLUIPA does not require a State to pay for an inmate's devotional accessories."). Accordingly, Plaintiff's allegations related to Defendants' alleged failure to provide him with a Catholic Bible, a Rosary, and a Catholic Dictionary, fail to state a claim upon which relief can be granted.

Plaintiff's allegations that the Defendants have not provided him with weekly Catholic Mass also fail to state a viable § 1983 claim. A lack of religious services is not, in itself, a substantial burden on religious practice. As with his claims regarding religious items, Plaintiff does not allege that the Defendants have in any way obstructed or prohibited the performance of Catholic Mass at the Delta Regional Unit. Rather, he simply alleges that they have not undertaken to provide such services on

a weekly basis. This fails to state either a First Amendment or RLUIPA claim. *See Kaufman v. McCaughtry*, 419 F.3d 678, 682-83 (7th Cir. 2005) (prisoner failed to establish a "substantial burden" on his religious beliefs where the prison did not allow him to hold a weekly study group with other inmates). Therefore, the Court concludes, as a matter of law, that this claim also should be dismissed.

### III.   Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.     Plaintiff's Complaint (Doc. 2) be DISMISSED, without prejudice, for failing to state a claim upon which relief may be granted.

2.     Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[3]

3.     The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Disposition would not be taken in good faith.

---

[3] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."

Dated this 14th day of November, 2014.

_____
UNITED STATES MAGISTRATE JUDGE